IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| LOUISE PATMON, RICKY PATMON, APRIL GRIFFIN | PLAINTIFFS |
| V. | NO: 1:21CV174-GHD-DAS |
| TINREE LLC.; JAMES E. BROOKS; KEVIN CASTEEL; JOE ABLES, in his official capacity as the duly elected Constable of Lowndes County; JOE ABLES, in his individual capacity; MIKE ARLEDGE, in his official capacity as the duly elected sheriff of Lowndes County, Mississippi | DEFENDANTS |

## MEMORANDUM OPINION

Before the Court is Defendants Joe Ables and Mike Arledge's Motion for Judgment on the Pleadings. [54]. The Court notes that the only Defendants remaining in this case are Joe Ables and Mike Arledge, referred to as "Defendants" in this opinion. Plaintiffs have responded in opposition to this motion, and upon due consideration, for the reasons set forth herein, the Court hereby grants the Defendants' motion.

### Factual Background

In 2018, Plaintiffs Louise and Ricky Patmon entered into a residential rental contract with Tinree LLC ("Tinree") for a home in Columbus, Mississippi. Plaintiff April Griffin, the Patmon's daughter, also resided in the home. In October 2019, Tinree notified the Patmons that their rent was past due, and Plaintiffs allege that they attempted to pay the past due rent and late fee but the payment was refused. Plaintiffs were then sued for eviction due to nonpayment of rent and for possession of the property. On October 30, 2019, the Lowndes County Justice Court entered a

1

judgment against the Patmons for $876.00. Plaintiffs allege that the Justice Court Judge ordered the parties to make payment arrangements and Kevin Casteel refused to accept the payment.

Also on October 30, 2019, either Tinree, James E. Brooks, or Kevin Casteel filed an affidavit for warrant of removal in the Lowndes County Justice Court, and this warrant of removal was then issued by the Court that same day. Plaintiffs allege that Constable Joe Ables contacted them and informed them of the warrant of removal. The Plaintiffs further allege that Constable Ables told them that the warrant would be executed the following Monday at 3:00 p.m. However, according to the Plaintiffs, Constable Ables executed the warrant two days earlier than he originally told the Plaintiffs. According to the complaint, the Plaintiffs were in the process of packing a moving truck when the warrant was executed, and the Plaintiffs were not allowed to continue removing and taking their belongings with them.

Plaintiffs have asserted the following claims: (1.) 42 U.S.C. § 1983 claim for relief against Joe Ables acting in his official capacity as Constable of Lowndes County, Mississippi; (2.) 42 U.S.C. § 1983 claim for relief against Mike Arledge, acting in his official capacity as Sheriff of Lowndes County, Mississippi; (3.) 42 U.S.C. § 1983 claim for relief against Joe Ables acting in his individual capacity under color of state law; (4.) claim for damages against Constable Ables for violation of the Takings Clause of the 5th Amendment to the United States Constitution; and (5.) claim for damages against Constable Ables for violation of the Takings Clause of Article 3 § 17 of the Mississippi Constitution.

**Standard**

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303

(5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a

3

claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Discussion

### I.  Official Capacity Claims

Plaintiffs allege two 42 U.S.C. § 1983 claims against Constable Joe Ables and Sheriff Mike Arledge in their official capacities. The Plaintiffs assert that Joe Ables as Constable and Mike Arledge as Sheriff have violated the Plaintiffs' 4th and 14th Amendment rights. The complaint states that Constable Joe Ables has violated the right against unlawful warrantless seizures of personal property and deprived the Plaintiffs of procedural and substantive due process by seizing Plaintiffs' personal property. Further, the complaint states that Sheriff Mike Arledge has violated these amendments for directing or condoning Constable Ables' policy or practice of exceeding the scope of judicial warrants.

"A claim against a municipal official in his or her official capacity is tantamount to a suit against the municipal entity[,]" and therefore the official capacity claims against Constable Ables and Sheriff Arledge are properly regarded as claims against Lowndes County itself. *Bustillos v. El Paso Cty. Hosp. Dist.*, 226 F.Supp.3d, 778, 789 (W.D. Tex. 2016) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). "[T]he key to municipal liability is demonstrating that a deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question." *Conner v. Alltin, LLC*, 571 F.Supp.3d 544, 569 (N.D. Miss. 2021) (citing *Monell*, 436 U.S. at 694). A plaintiff asserting a § 1983 claim against a municipal official "must show that the municipality has a policy or custom that caused his injury." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). To establish liability,

4

a plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-249 (5th Cir. 2003). "A 'policy or custom' can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *McGregory v. City of Jackson*, 335 Fed. App'x 446, 448-449 (5th Cir. 2009)).

A Northern District of Mississippi court has previously acknowledged that sheriffs in Mississippi, not constables, are the final policymakers with respect to law enforcement decisions made within their counties. *Conner*, 571 F.Supp.3d at 570 (citing *Brooks v. George Cty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996)). As an initial matter, these findings warrant dismissal of Plaintiffs' official capacity claims against Constable Ables. Further, Plaintiffs allege that the policy belonging to Constable Ables, which was condoned and empowered by the direction of Sheriff Arledge, was a Lowndes County policy that allowed landlords to seize a tenant's personal property.

"Congress did not intend to impose liability on a municipality unless deliberate action attributable to the municipality itself is the 'moving force' being the plaintiff's deprivation of federal rights." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 400 117 S.Ct. 1382, 1386 (1997) (citing *Monell*, 436 U.S. at 694). Plaintiffs argue that Constable Ables and Sheriff Arledge either held or supported the policy of seizing tenants' personal property during

5

an eviction, thus making Lowndes County responsible for this policy. Upon review, however, the policy being referred to did not belong to Lowndes County or its officials, but this policy was instead that of Mississippi law during the time of eviction, as plaintiffs acknowledge that a valid warrant of removal was issued for their eviction. The Plaintiffs have thus failed to allege that the actions taken were directly attributable to the municipality of Lowndes County itself instead of being directly attributable to state law at the time of the relevant events of this case.

Plaintiffs have failed to allege that a Lowndes County policy or pattern was responsible for their alleged harm. Plaintiffs instead take to a recitation of elements of 1983 claims while making competing arguments about whether they believe Constable Ables or Sheriff Arledge to be an official policymaker concerning their alleged policy in question. Regardless of which defendant the Plaintiffs argue to be the policymaker, their claim still falls short. As noted above, the complaint fails to establish a policy belonging to, or established by, Constable Ables, Sheriff Arledge, or Lowndes County. The Court finds that the policy belongs to the relevant Mississippi laws that have now been found unconstitutional. *Conner*, 571 F.Supp.3d. Further, the moving force behind the defendants' decisions was the warrant of removal issued by the Justice Court commanding their action, not a Lowndes County policy or widespread practice of its officials. Constable Ables and Sheriff Arledge's actions have not and cannot be alleged to be representative of a Lowndes County policy or custom, and thus the Plaintiffs' official capacity claims against the Defendants will be dismissed.

## II. Individual Capacity Claim

Plaintiff next asserts a 42 U.S.C. § 1983 claim against Constable Ables in his individual capacity acting under color of state law. The complaint states that Constable Ables is liable under § 1983 as he knew or should have known that the landlord's act of seizing plaintiffs' personal

6

property violated the plaintiffs' rights, and that Constable Ables authorized this behavior from the landlord by failing to intervene and stop the landlord from doing so.

Defendant Ables has raised the defense of qualified immunity in response to the plaintiffs' allegations. When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an "obligation ... to carefully scrutinize [the complaint] before subjecting public officials to the burdens of broad-reaching discovery." *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

A plaintiff seeking to defeat qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 131 S.Ct. 2074, 2080, 179 L.Ed.2d 1149 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). In this context, the Court's inquiry turns to the second element, and when taking plaintiffs' allegations as true if Constable Ables "reasonably could have believed that his actions were lawful[.]" *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Similar to *Conner*, Constable Ables also had a valid court order through a warrant of removal issued by the Lowndes County Justice Court. Plaintiffs' complaint makes no attempt to allege that the warrant of removal was invalid or wrongfully issued in any way, and Plaintiffs further acknowledge that Constable Ables' actions were done pursuant to Mississippi law at the time.

Plaintiffs also argue that the Defendant Ables should not be entitled to qualified immunity as he exceeded the scope of the warrant by executing the warrant two days before he allegedly told the Plaintiffs he would. The Plaintiffs state that the "scope of the order limits the scope of absolute immunity." *Foust v. McNeill*, 310 F.3d 849, 857 (5th Cir. 2002). Plaintiffs simply state that failure to execute the warrant on the date initially discussed removes the applicability of qualified immunity, but the Court disagrees. The warrant of removal, as acknowledged by the plaintiffs, does not contain a date or time for the execution to take place. Even if Constable Ables told the plaintiffs a different date than what actually occurred, the warrant of removal simply gave orders to Constable Ables without a date certain. Plaintiffs' allegations cannot show or allege that this fact would cause Constable Ables to reasonably believe that his actions were unlawful. Thus, the Court finds that Plaintiffs' individual liability 42 U.S.C. § 1983 claim against Constable Ables should be dismissed.

### III. United States Constitution and Mississippi Constitution Claims

Plaintiffs also assert claims against Constable Ables for violation of the Takings Clause of the 5th Amendment to the United States Constitution and for violation of the Takings Clause of Article 3 § 17 of the Mississippi Constitution. Plaintiffs allege that these Constitutional clauses were violated by Constable Ables through taking the Plaintiffs' property and giving possession of that personal property to Tinree, Brooks and Casteel without paying just compensation. These claims for compensation are not sought pursuant to 42 U.S.C. § 1983, but instead are asserted as stand-alone claims.

The Court will first address Plaintiffs' 5th Amendment claim. § 1983 is the means through which plaintiffs may seek to recover against individuals acting 'under color of state law' for violations of the U.S. Constitution. Concerning the case *sua sponte*, the Court has dismissed

8

Plaintiffs' § 1983 claims against Constable Ables and Plaintiffs cite to no binding authority that refutes the general requirement that federal constitutional claims against individuals acting under color of state law be asserted pursuant to § 1983. See *Knick v. Township of Scott, Pennsylvania*, 139 S.Ct. 2162, 2177 204 L.Ed.2d 558 (2019) (concluding a property owner may bring a Fifth Amendment claim under § 1983 at the time a government takes property without compensation).

Regarding Plaintiffs' Article 3 § 17 Mississippi Constitution state law claim, the Court notes that the general rule in the Fifth Circuit is to decline to exercise jurisdiction over state law claims after the claims over which the district court has original jurisdiction have been dismissed. *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). 28 U.S.C. § 1367 "authorizes a court to decline supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 601–03 (5th Cir. 2009). District courts also consider the common law factors of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, (1988).

In considering the common law factors, other than the instant motion, the Court has not entertained any dispositive motions in this case and the record is relatively brief. This case has been before this Court for less than one year and discovery has been stayed for approximately two months. The Court finds that declining to exercise supplemental jurisdiction over Plaintiffs' state law claim will not impose any significant additional burden on the parties.

9

Also, as previously discussed, the Court has dismissed all claims over which it has original jurisdiction. Further, the remaining state law claim concerning the Mississippi Constitution raises an issue best addressed by a state court, as this Court is of the opinion that state courts have a substantial interest in addressing and interpreting their constitutions. Thus, this Court concludes that both the § 1367 factors and the *Cohill* factors support declining to exercise supplemental jurisdiction over this state law claim.

## Conclusion

For these reasons, the Court finds that the complaint fails to state a federal claim for relief, and the Court declines to exercise supplemental jurisdiction over the Plaintiffs' state law claim. Accordingly, the Motion for Judgment on the Pleadings [54] is GRANTED, and Plaintiffs' claims against Defendants Ables and Arledge are dismissed. Further, Defendants' previous Motion for Judgment on the Pleadings [37] is DENIED AS MOOT.

An order in accordance with this opinion shall issue this day.

This, the 13th day of October, 2022.

SENIOR U.S. DISTRICT JUDGE